**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PAYCOM PAYROLL, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PAY.COM US, INC. d/b/a PAY.COM et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. CIV-23-735-G** |

**ORDER**

On March 15, 2024, Plaintiff Paycom Payroll, LLC filed its Amended Complaint (Doc. No. 30), bringing federal and state-law claims against Defendants Pay.com US Inc. d/b/a Pay.com and Paycomcy Limited d/b/a Pay.com. On March 29, 2024, Defendants filed a Motion to Dismiss (Doc. No. 34), seeking dismissal on grounds including a lack of personal jurisdiction over Defendants. *See id.* (citing Fed. R. Civ. P. 4(k)(2), 12(b)(2)).

Now before the Court is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Doc. No. 31). Defendants have responded in opposition (Doc. No. 35), and Plaintiff has replied (Doc. No. 36).

The Tenth Circuit has instructed that a district court should permit jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006). "The burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—

is on the party seeking the discovery." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (alterations, omission, and internal quotation marks omitted).

Having considered the parties' arguments, the Court concludes that Plaintiff has shown its entitlement to the requested discovery. First, Defendants' assertion that the timing of the Motion compels denial is not supported by the relevant authorities. *See Health Grades*, 190 F. App'x at 589 ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." (internal quotation marks omitted)); *see also United States v. Evans & Assocs. Constr. Co.*, 839 F.2d 656, 660 (10th Cir. 1988) ("[T]he timing of discovery resides within the discretion of the court."). Plaintiff also sufficiently identifies controverted "pertinent jurisdictional facts" regarding the nature and extent of Defendants' contacts with the State of Oklahoma, as well as Defendants' nationwide contacts, to support the allowance of limited discovery. *Health Grades*, 190 F. App'x at 589; *see also* Pl.'s Reply at 6-9; Pl.'s Mot. Exs. 1, 2, 3, 4 (Doc. Nos. 31-1 through -4) (identifying specific interrogatories and requests for production Plaintiff wishes to serve upon Defendants); *cf. B&B Tex. Equip. LLC v. McKee*, No. CIV-22-911-JD, 2023 WL 6929848, at *4 (W.D. Okla. Oct. 19, 2023) (denying request for jurisdictional discovery where the plaintiff "d[id] not give the Court any indication what jurisdictional facts discovery would uncover").

Finally, while Defendants object to Plaintiff's proposed written discovery requests as overbroad or overly burdensome, such objections are more properly addressed through a personal conference by the attorneys after service and only then, if necessary, an

appropriate motion raising the dispute to the Court. *See* Fed. R. Civ. P. 26(c), 33(b)(4), 34(b)(2)(C); LCvR 37.1.

CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Doc. No. 31) is GRANTED as follows:

- Plaintiff shall serve its proposed written discovery within fourteen (14) days of the date of this Order; and
- Plaintiff shall conduct the referenced deposition within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. No. 34) is hereby STAYED and HELD IN ABEYANCE pending conclusion of the parties' jurisdictional discovery. Within twenty-one (21) days of the close of the jurisdictional discovery, Plaintiff shall notify the Court and file an amended response to Defendants' Motion to Dismiss. Defendants may file an amended reply within fourteen (14) days of the filing of Plaintiff's amended response.

IT IS SO ORDERED this 24th day of May, 2024.

CHARLES B. GOODWIN
United States District Judge